UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
                                           :

THE EXPORT-IMPORT BANK OF THE REPUBLIC    :
OF CHINA,

        Plaintiff and Judgment Creditor,

                                        16 Civ. 4480 (DAB)(GWG)

    -against-

DEMOCRATIC REPUBLIC OF THE CONGO,
f/k/a/ REPUBLIC OF ZAIRE

        Defendant and Judgment Debtor.

------------------------------------------------------------------- x

**MEMORANDUM OF LAW IN SUPPORT OF**
**<u>JUDGMENT CREDITOR'S MOTION TO COMPEL AND FOR SANCTIONS</u>**

SULLIVAN & WORCESTER LLP
1633 Broadway
New York, NY 10019
Tel: (212) 660-3000
Fax: (212) 660-3001

*Attorneys for Plaintiff The Export-Import Bank of the Republic of China*

Judgment Creditor The Export-Import Bank of the Republic of China ("Ex-Im Bank") submits this Memorandum of Law in support of its motion, pursuant to Rule 37 of the Federal Rules of Civil Procedure, for an order (a) compelling Judgment Debtor the Democratic Republic of the Congo ("DRC") within 14 days of the Court's order to answer interrogatories and respond to document requests served by Ex-Im Bank, or be held in contempt; (b) granting sanctions against the DRC; and (c) awarding Ex-Im Bank its fees, expenses, and costs, including reasonable attorneys' fees, incurred in bringing this motion.

## PRELIMINARY STATEMENT

Since the Court entered judgment against the DRC nearly eighteen months ago, the DRC has failed to pay any portion of the judgment against it or to respond to Ex-Im Bank's post-judgment discovery requests. Ex-Im Bank is now entitled to an order compelling the DRC's responses and, should the DRC ignore the Court's order, an award of sanctions.

## PROCEEDINGS SINCE ENTRY OF JUDGMENT

On January 23, 2017, this Court entered a judgment against the DRC and in favor of Ex-Im Bank in the amount of $57,325,223.40, plus pre-judgment interest and post-judgment interest (the "Judgment"). A true copy of the Judgment is attached as Exhibit A to the accompanying Declaration of Clark A. Freeman dated June 28, 2018 ("Freeman Decl.").

On March 13, 2018, Ex-Im Bank served Plaintiff's First Set of Post-Judgment Requests for Production of Documents and Plaintiff's First Set of Post-Judgment Interrogatories (*see* Freeman Decl., Exs. B and C) (collectively, the "Discovery Requests") on the DRC. Service was completed as set forth in the Affidavit of Service. *See* Freeman Decl., Ex. D.

On March 20, 2018, Ex-Im Bank sent a letter to the DRC explaining the DRC's obligation to respond to the Discovery Requests and inviting the DRC or its attorney, should the

DRC be represented in connection with the matter, to contact Ex-Im Bank's counsel to discuss the case.  *See* Freeman Decl., Ex. D, ¶ 6.

On April 25, 2018, Ex-Im Bank sent to the DRC a draft of this motion and the supporting draft declaration and included therewith French translations of those documents.  *See* Freeman Decl., Ex. D, ¶ 7.  In the cover letter, Ex-Im Bank informed the DRC that if it did not receive a substantive response to the Discovery Requests by April 30, 2018, Ex-Im Bank would file the motion.  *See id*.

To date, the DRC has failed and/or refused to serve any responses or objections to the Discovery Requests, and has failed to pay to Ex-Im Bank any amount of the Judgment.

## ARGUMENT

**I.  AN ORDER COMPELLING DRC TO RESPOND TO THE DISCOVERY REQUESTS IS APPROPRIATE**

To obtain an order compelling disclosure under Rule 37, a movant must demonstrate that it "has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Fed. R. Civ. P. 37(a)(1).  As demonstrated in the Freeman Decl., Ex-Im Bank has made substantial good faith efforts to confer with DRC before resorting to this motion:  it properly served the Discovery Requests, made multiple attempts to remind the DRC of its discovery obligations, and warned the DRC of the present motion more than two months ago.

There is no justification for the DRC's failure to respond to the Discovery Requests.  Accordingly, the Court should issue an order compelling the DRC to answer the interrogatories and respond to the document requests served by Ex-Im Bank within 14 days of the Court's order, or be held in contempt.

## II. THE COURT HAS AUTHORITY TO ISSUE CONTEMPT SANCTIONS

Should the DRC fail to comply with a court order compelling it to respond to Ex-Im Bank's Discovery Requests, the Court has authority to issue contempt sanctions.

Subject matter jurisdiction over the DRC exists in this action under 28 U.S.C. § 1330(a) because the DRC expressly waived its sovereign immunity in the Loan Agreement at issue. *See* Compl., Ex. A at § 4.05; 28 U.S.C. § 1605(a)(1) (explicit waiver exception to immunity under Foreign Sovereign Immunities Act).

Once a sovereign like the DRC is subject to jurisdiction, the Court has the authority to enter any necessary orders, including post-judgment contempt orders. The Second Circuit Court of Appeals has not hesitated to uphold discovery-related contempt orders imposing sanctions against sovereigns or their instrumentalities. In *First City, Texas-Houston, N.A. v. Rafidain Bank*, 281 F.3d 48 (2d Cir. 2002), plaintiff sought to collect on a $53.2 million default judgment obtained against Iraq's state-owned bank, Rafidain Bank ("Rafidain"). Rafidain ignored discovery orders and was held in civil contempt, with a daily financial sanction until it purged the contempt. The Second Circuit noted first that:

> because jurisdiction under the FSIA existed to decide the underlying litigation involving a loan agreement and letters of credit, the FSIA continues to confer jurisdiction for proceedings in aid of that money judgment.

*First City,* 281 F.3d at 49. It continued:

> The waiver by a foreign state under section 1605(a)(2), rendering it a party to an action, is broad enough to sustain the court's jurisdiction through proceedings to aid collection of a money judgment rendered in the case, including discovery pertaining to the judgment debtor's assets. <u>Otherwise, the FSIA would in some cases confer jurisdiction to do no more than render an unenforceable, permanently unsatisfied judgment</u>. No doubt, courts should proceed with care in pursuing the assets of foreign governments and their instrumentalities, and in dealing with such allegations as fraudulent transfers. But Rafidain is challenging the

> court's subject matter jurisdiction, not its discretion.  We think that <u>where subject matter jurisdiction under the FSIA exists to decide a case, jurisdiction continues long enough to allow proceedings in aid of any money judgment that is rendered in the case</u>.  In this case, that includes discovery regarding a possible alter ego of Rafidain that may have assets sufficient to satisfy First City's judgment.

281 F.3d at 53-54. (emphasis added).

And it reviewed the broad discovery rights available to any judgment creditor ("Under Rule 69(a), the judgment creditor must be given the freedom to make a broad inquiry to discover hidden or concealed assets of the judgment debtor") (internal citations and quotations omitted). 281 F.3d at 54.

The Second Circuit is squarely in the mainstream.  The Seventh Circuit has stated, for example:

> Once a court is entitled to exercise subject matter jurisdiction over the suit, it has the full panoply of powers necessary to . . . enforce whatever judgments it has entered.  From our common-law ancestors forward, one of the most important of those powers is the power to punish contempt of court. . . .  Nothing in the text of the FSIA comes close to suggesting that the FSIA was designed to abrogate or limit this essential power.

*Autotech Technologies LP v. Integral Research & Development Corp.*, 499 F.3d 737, 744 (7th Cir. 2007), *cert. denied,* 552 U.S. 1231 (2008).[1]

The D.C. Circuit—in another case against the DRC—has stated, in the context of affirming an order imposing contempt sanctions on the DRC for failure to comply with a

---

[1] Research has disclosed but one case, from the Fifth Circuit, declining to impose contempt sanctions; there, the United States had intervened as amicus curiae to oppose the contempt.  *See AF-CAP, Inc. v. Republic of Congo*, 462 F.3d 417 (5th Cir. 2006), *cert. dismissed,* 549 U.S. 1275 (2007).  And research indicates no case that follows the reasoning of *Af-Cap*.  Indeed, the decision was severely questioned by the Seventh Circuit in *Autotech Technologies LP*, 499 F.3d at 745 ("We would need much more clear guidance from Congress than we have before we could conclude that a court had no jurisdiction to entertain contempt proceedings in an action brought under the FSIA for which subject matter jurisdiction has been established") and has been rejected by other courts, *see, e.g.*, *FG Hemisphere Assocs., LLC v. Democratic Republic of Congo*, 637 F.3d 373, 379 (D.C. Cir. 2011).

discovery order, that "there is not a smidgen of indication in the text of the FSIA that Congress intended to limit a federal court's inherent contempt power." *FG Hemisphere*, 637 F.3d at 378.[2]

In sum, this Court has the authority to impose sanctions on the DRC should the DRC fail to comply with an order entered by this Court directing it to answer the interrogatories propounded by Ex-Im Bank and produce documents responsive to Ex-Im Bank's document requests.

### III.   AN AWARD OF COSTS OF THIS MOTION IS APPROPRIATE

As shown above, Ex-Im Bank made substantial good faith efforts to obtain the discovery sought before making this motion.  Meanwhile, DRC's failure to respond in any way remains unexplained and unjustified.  Pursuant to Fed. R. Civ. P. 37(a)(5)(A), Ex-Im Bank should be awarded its reasonable expenses and attorneys' fees incurred in making this motion

### **CONCLUSION**

For the foregoing reasons, the Court should (a) compel Judgment Debtor Democratic Republic of the Congo ) within 14 days of the Court's order to answer interrogatories and respond to document requests served by Ex-Im Bank, or be held in contempt; (b) grant sanctions against DRC; and (c) award Ex-Im Bank its fees, expenses, and costs, including reasonable attorneys' fees, incurred in bringing this motion.

---

[2] Other courts in New York and around the country are in accord that contempt sanctions may issue against sovereign entities in FSIA cases.  *See, e.g.*, *Agudas Chasidei Chabad of U.S. v. Russian Fed'n*, 798 F. Supp. 2d 260, 272 (D.D.C. 2011) (holding that court could issue contempt sanctions against Russian sovereign defendants); *Exp.-Import Bank of the Republic of China v. Gren.*, No. 06 Civ. 2469 (HB), 2010 U.S. Dist. LEXIS 137310, at *12 (S.D.N.Y. Dec. 29, 2010) (imposing sanctions for failure to comply with discovery order and explaining that Grenada's status as a sovereign does not by itself preclude contempt sanctions).

| | |
|---|---|
| Dated: New York, New York<br>June 29, 2018 | SULLIVAN & WORCESTER LLP<br><br>By: /s/Paul E. Summit<br>   Paul E. Summit<br>   Clark A. Freeman<br>1633 Broadway<br>New York, NY 10019<br>Tel: (212) 660-3000<br>Fax: (212) 660-3001<br>psummit@sandw.com<br>cfreeman@sandw.com<br><br>*Attorneys for Plaintiff/Judgment Creditor The Export- Import Bank of the Republic of China* |