```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
The Export-Import Bank of the Republic
of China,

                    Plaintiff,

         v.                                    16-cv-4480 (DAB)
                                                    ORDER
Democratic Republic of the Congo,

                    Defendant.
------------------------------------------X
```
DEBORAH A. BATTS, United States District Judge.

After receiving a default judgment against Defendant Democratic Republic of Congo ("DRC" or "Defendant), Plaintiff The Export-Import Bank of the Republic of China ("Plaintiff") now moves to compel post-judgment discovery against Defendant, as well as for costs and sanctions. For the reasons described below, Plaintiff's Motion is GRANTED in part and DENIED in part.

1. Background

Plaintiff filed the Complaint in this action on June 14, 2016,[1] seeking a money judgment of $20,000,000.00 plus interest

---

[1] Although foreign sovereigns are generally immune from suit, a "foreign sovereign may waive its immunity from suit under the Foreign Sovereign Immunities Act." Export-Import Bank of Rep. of China v. Grenada, No. 06 Civ. 2469(HB), 2010 WL 5463876, at *2 (S.D.N.Y. Dec. 29, 2010). Here, Defendant "waived its sovereign immunity explicitly in its loan agreement[]" with Plaintiff. Id.; see also Loan Agreement § 4.05, Compl. Ex. A.

and costs pursuant to a Loan Agreement between the Parties.[2] (ECF No. 1.) On June 23, 2016, Plaintiff served Defendant with the Summons and Complaint in accordance with the service provisions of the Loan Agreement.[3] (ECF No. 6.) When Defendant failed to respond, Plaintiff requested an entry of default against Defendant. (ECF No. 7.) A Clerk's Certificate of Default was issued on September 29, 2016. (ECF No. 8.)

On November 15, 2016, Plaintiff moved for default judgment against Defendant. (ECF No. 14.) The Court granted default judgment against Plaintiff for $57,325,223.40—the amount of unpaid principal plus interest—on January 23, 2017. (ECF No. 20.)

---

[2] While it is unclear to the Court whether the obligations in the Loan Agreement would have ipso facto bound the Democratic Republic of Congo as a successor in interest to the Republic of Zaire, Defendant apparently acknowledged its debt on the Agreement from 1998 to 2013. (See Compl. ¶¶ 58-67; id. Ex. B.)

[3] Under section 6.03 of the Loan Agreement, Defendant, as the Borrower, "irrevocably appointed the Process Agent as its agent to accept on its behalf . . . service of legal processes of any kind which may be served on the Borrower in any judicial or other proceeding arising hereunder." (Loan Agreement § 6.03; see also id. App'x D.) CT Corporation System in New York City is defined as the Process Agent under the Agreement. (Loan Agreement § 1.01(m).) The Borrower also irrevocably agreed to "always maintain . . . the Process Agent . . . to accept service of process in connection with any suit." (Loan Agreement § 8.04.)

On March 13, 2018, Plaintiff served Defendant with post-judgment requests for production of documents and interrogatories seeking information about Defendant's assets in order to enforce the Judgment. (Affidavit of Service ¶¶ 2-5, Freeman Decl. Ex. D.) Plaintiff did this by sending the discovery requests by FedEx overnight delivery to the Process Agent designated in the service provision of the Loan Agreement; sending them by registered mail to the DRC's Ministry of Finance[4]; and, on March 9, 2018, sending copies by certified mail to the DRC's embassy in Washington, D.C. and the DRC's permanent mission to the United Nations in New York, NY.[5] (Id.) On March

---

[4] Under the Loan Agreement, all notices under the Agreement are deemed effective when mailed to Defendant's Ministry of Finance at the same address to which Plaintiff mailed the current discovery requests. (See Loan Agreement § 8.07; Aff. of Serv. ¶ 2.) On March 1, 2013, the DRC allegedly acknowledged the debt owed to Plaintiff under the Loan Agreement after correspondence between Plaintiff and Defendant at this same address. (See Compl. Ex. B.)

[5] Under 28 U.S.C. § 1608, service may be made upon a foreign state "by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the foreign state or political subdivision." 28 U.S.C. § 1608(a)(1); see also First City, 1992 WL 296434, at *3 ("Here, the agreement between Rafidain Bank and First City expressly provided that service of process could be effected by service on the Iraq Permanent Representative to the United Nations. As such, First City's service in this manner was effective as a service made in accordance with a 'special arrangement.'"). Here, Plaintiff both served Defendant's agent in accordance with the service provision in the Loan Agreement and provided additional notice to Defendant by sending the discovery requests to other addresses associated with the DRC and listed in the Loan Agreement. See Nat'l Union Fire Ins. Co.

20, 2018, Plaintiff sent Defendant a letter reminding it of the discovery requests and inviting Defendant or Defendant's counsel to contact Plaintiff's counsel to discuss the case. (Freeman Decl. Ex. E.)

On April 25, 2018, Plaintiff sent Defendant a draft of its Motion and supporting Declaration, as well as a French translation of these documents, by mailing them to Defendant's embassy and United Nations addresses. (Freeman Decl. Ex. D.)

The instant Motion to Compel and for Sanctions was filed on June 29, 2018. (ECF No. 23.) In it, Plaintiff seeks an order (1) compelling Defendant to answer Plaintiff's interrogatories and respond to Plaintiff's document requests within 14 days of this Court's order, (2) granting sanctions against Defendant, and (3) awarding Plaintiff the costs it incurred in bringing this Motion, including reasonable attorneys' fees. (See Notice of Motion, ECF No. 23.)

---

of Pittsburgh, P.A. v. People's Rep. of the Congo, 729 F. Supp. 936, 941 (S.D.N.Y. 1989).

2. Motion to Compel

Plaintiff seeks an order compelling Defendant to respond to its post-judgment discovery requests.

"Discovery of a judgment debtor's assets is conducted routinely under the Federal Rules of Civil Procedure." First City, Texas-Houston, N.A. v. Rafidain Bank, 281 F.3d 48, 54 (2d Cir. 2002); see also Fed. R. Civ. P. 69(a)(2) ("In aid of [a] judgment ..., the judgment creditor ... may obtain discovery from any person-including the judgment debtor as provided in these rules or by the procedure of the state where the court is located."). "[I]nterrogatories [under Fed. R. Civ. P. 33] fall within the scope of permissible discovery [by a judgment creditor]." U.S. Bancorp Equip. Fin., Inc. v. Babylon Transit, Inc., 270 F.R.D. 136, 140 (E.D.N.Y. 2010).

Under Rule 37(a) of the Federal Rules of Civil Procedure, a judgment creditor may move to compel a judgment debtor's compliance with post-judgment discovery requests. See Amtrust N. Am., Inc. v. Preferred Contractors Ins. Co. Risk Retention Grp., LLC, No. 16-mc-0340 (CM), 2016 WL 6208288, at *4 (S.D.N.Y. Oct. 18, 2016); Fed. R. Civ. P. 37(a)(1) ("On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery."). "The motion must include a certification that the movant has in good faith conferred or

5

attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed R. Civ. P. 37(a)(1). Motions to compel pursuant to Rule 37 may be granted against parties who had defaulted in the underlying action. See, e.g., Debellis v. Bize, No. 11 Civ. 7113(PGG), 2013 WL 935764 (S.D.N.Y. Mar. 11, 2013); Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor-Management Cooperation v. Duncan & Son Carpentry, Inc., No. 14-CV-2894 (SJF)(SIL), 2015 WL 3935760 (E.D.N.Y. June 26, 2015).

In connection with its Motion to Compel, Plaintiff here submitted an Affidavit certifying that it has, in good faith, attempted to confer with Defendant before filing this Motion. Specifically, the Affidavit states that Plaintiff served Defendant with the discovery requests in accordance with the service provisions of the Loan Agreement. See Loan Agreement § 6.03; see also 28 U.S.C. § 1608(a)(1); First City, Texas-Houston, N.A. v. Rafidain Bank, No. 90 Civ. 7360 (JSM), 1992 WL 296434, at *3 (S.D.N.Y. Oct. 6, 1992). Plaintiff also attempted to contact Defendant by sending registered mail to the DRC's Ministry of Finance, as well as its embassy and permanent representative to the United Nations. Finally, Plaintiff attempted to contact Defendant again to advise it of the filing

of the present Motion, and provided both the original Motion documents and their French translations. (Freeman Decl. Ex. D.)

Thus, Plaintiff has made a good faith attempt to confer with Defendant, and its Motion to Compel Defendant to respond to the post-judgment discovery requests is GRANTED. Defendant must respond to Plaintiff's discovery requests within 30 days of the date of this Order.

### 3. Contempt Sanctions

Plaintiff also requests contempt sanctions against Defendant in the event that Defendant fails to comply with the Court's disclosure order.

Under Fed. R. Civ. P. 70, "[i]f a judgment directs a party to ... deliver ... documents or ... to perform any other specific act and the party fails to comply within the time specific, the Court may adjudge the party in contempt of court." <u>Bd. of Trustees of Local 295/Local 851-I.B.T. Employer Grp. Pension Trust Fund v. Hail Air Freight, Inc.</u>, No. 06 Civ. 528(GEL), 2008 WL 1758719, at *2 (S.D.N.Y. Apr. 16, 2008) (internal quotation marks and citation omitted). "In the Second Circuit, to support a finding of contempt, a movant must establish by clear and convincing evidence that (1) the order

the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." Id.; see also Duncan & Son, 2015 WL 3935760, at *3.

Plaintiff here cannot establish a prima facie showing of contempt. "As the above-recited elements make plain, a clear and unambiguous order of the Court, compliance with which has been defied, are factual prerequisites to maintaining a civil contempt claim. As no such order has yet issued, there is no rational basis at this juncture for finding [Defendant] in contempt." Duncan & Son, 2015 WL 3935760, at *4; see also Gibbons & Smith, No. 01 Civ. 1224(LAP), 2010 WL 582354, at *2 (S.D.N.Y. Feb. 11, 2010). Thus, this portion of Plaintiff's Motion is denied, without prejudice to Plaintiff's right to renew it later if appropriate. See Duncan & Son, 2015 WL 3935760, at *4.

### 4. Costs

"Under Fed. R. Civ. P. 37, where a motion to compel concerning a discovery request is granted, 'the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or

attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.'" Debellis, 2013 WL 935764, at *2 (quoting Fed. R. Civ. P. 37(a)(5)(A)); see also Milliken & Co. v. Bank of China, 758 F. Supp. 2d 238, 250-51 (S.D.N.Y. 2010).

Because Plaintiff's Motion to Compel Post-Judgment Discovery has been granted, Plaintiff is entitled to receive the costs it incurred in making the present Motion. However, Plaintiff has yet not submitted an affidavit detailing the amount of attorneys' fees or costs it seeks in connection with the filing of this Motion. Debellis, 2013 WL 935764, at *2. If it wishes to recover these costs, Plaintiff must submit the supporting documentation within 30 days of the date of this Order.

Additionally, because Rule 37 grants the party whose conduct necessitated the motion the opportunity to be heard prior to an award of costs, Defendant will be given 14 days to submit a brief opposing an award of expenses, should it choose to do so. See Spring Valley Water Co. v. Cosco. Indus., Inc., No. 91 CIV 0410 PKL, 1998 WL 466110, at *2 (S.D.N.Y. Aug. 10, 1998).

5. Conclusion

For the reasons described above, Plaintiff's Motion to Compel and for Costs is GRANTED, but its Motion for Sanctions is DENIED WITHOUT PREJUDICE. Defendant is compelled to respond to Plaintiff's discovery requests within 30 days of the date of this Order. In order to receive its costs, Plaintiff must submit supporting documentation to the Court within 30 days of the date of this Order. Defendant will then have 14 days to submit papers opposing the award of costs, should it choose to do so.

SO ORDERED.

Dated: August 29, 2018
       New York, NY

*Deborah A. Batts*
Deborah A. Batts
United States District Judge