UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

                                                        :
EXPORT-IMPORT BANK OF THE REPUBLIC OF           :
CHINA,                                                  :
                                                        :
                            Plaintiff,                  :           16-CV-4480 (JMF)
                                                        :
              -v-                                       :        MEMORANDUM OPINION
                                                        :            AND ORDER
DEMOCRATIC REPUBLIC OF THE CONGO f/k/a           :
REPUBLIC OF ZAIRE,                                      :
                                                        :
                            Defendant.                  :
                                                        :

-------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

        In this action, the Export-Import Bank of the Republic of China ("Ex-Im Bank") sued the

Democratic Republic of the Congo (the "DRC") for breach of a 1991 loan agreement.  *See* ECF

No. 1 ("Compl."), ¶ 5; ECF No. 1-1.  Ex-Im Bank now moves, pursuant to Rule 37 of the

Federal Rules of Civil Procedure, for sanctions based on the DRC's failure to respond to post-

judgment discovery requests in violation of the Court's order compelling it do so.  *See* ECF

No. 60.  For the reasons discussed below, the motion — which is unopposed — is GRANTED.

        On January 23, 2017, the Honorable Deborah A. Batts, to whom this case was previously

assigned, entered default judgment against the DRC in the amount of $57,325,223.40.  *See* ECF

No. 20.  On March 13, 2018, as part of post-judgment discovery to enforce its judgment, Ex-Im

Bank served its First Set of Post-Judgment Requests for Production of Documents and First Set

of Post-Judgment Interrogatories on the DRC.  *See* ECF No. 61 ("Freeman Decl."), ¶¶ 8-12;

ECF Nos. 61-3, 61-4, 61-5.  On August 29, 2018, after the DRC had failed to respond, the Court

granted Ex-Im Bank's motion to compel and ordered the DRC to comply with its discovery

obligations within thirty days.  *See Exp.-Imp. Bank of Republic of China v. Dem. Rep. Congo*,

No. 16-CV-4480 (DAB), 2018 WL 10601809, at *2-3 (S.D.N.Y. Aug. 29, 2018).  The Court denied without prejudice Ex-Im Bank's request for contempt sanctions, noting that the DRC had not yet violated a clear and unambiguous court order.  *See id.* at *3.

Over the next few months, Ex-Im Bank and the DRC engaged in intermittent discussions about resolving their dispute.  *See* Freeman Decl. ¶¶ 18-25.  On February 27, 2019, at Ex-Im Bank's request, the Court referred the case to the Court-annexed Mediation Program.  *See* ECF No. 37.  The mediation never proceeded, however, because the DRC repeatedly failed to respond to Ex-Im Bank's communications regarding the referral.  *See* Freeman Decl. ¶¶ 26-31.  On April 1, 2019, Ex-Im Bank filed a renewed motion for monetary sanctions based on the DRC's failure to comply with the August 2018 Order.  *See* ECF No. 39.  Shortly thereafter, communications between the parties resumed, *see* Freeman Decl. ¶¶ 33-36, and, as a result, Ex-Im Bank requested that the Court defer acting on the sanctions motion, *see* ECF Nos. 42, 43, 44, 46.  On February 26, 2020, after the case was reassigned to the undersigned, the Court denied Ex-Im Bank's motion, without prejudice to renewal after updating the Court on the status of the case.  *See* ECF No. 47.  On March 27, 2020, Ex-Im Bank renewed its motion for sanctions once again.  ECF No. 49.  Shortly thereafter, settlement discussions between the parties resumed yet again and, as a result, Ex-Im Bank withdrew its motion.  Freeman Decl. ¶¶ 42-46; ECF No. 56.  In July 2020, however, the DRC's Justice Minister resigned, "apparently prevent[ing] the DRC from approving a formal settlement offer, thus bringing settlement negotiations to a halt."  Freeman Decl. ¶ 50.  To date, the DRC has failed to pay Ex-Im Bank any amount of the Judgment and has failed to respond to Ex-Im Bank's discovery requests, in violation of the August 2018 Order.  *Id.* ¶ 53.  In light of these ongoing failures, Ex-Im Bank renewed its motion for sanctions on October 5, 2020.  ECF No. 60.  The motion was served via email on the DRC's attorney, Benita Sarr-

Kindongo.  *Id.*[1]  The DRC — which, despite the on-again-off-again settlement negotiations with Ex-Im Bank, has never appeared in this litigation — failed to file any opposition.

As noted, Ex-Im Bank seeks monetary contempt sanctions against the DRC pursuant to Rule 37.[2]  The Rule provides, in relevant part, that "[i]f a party . . . fails to obey an order to provide or permit discovery . . . , the court where the action is pending may issue further just orders."  Fed. R. Civ. P. 37(b)(2)(A).  Such orders, the Rule continues, "may include . . . treating as contempt of court the failure to obey any order . . . ."  *Id.*  "A court may . . . hold a party in contempt for violation of a court order when the order violated by the contemnor is clear and unambiguous, the proof of non-compliance is clear and convincing, and the contemnor was not reasonably diligent in attempting to comply."  *S. New Eng. Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 145 (2d Cir. 2010) (internal quotation marks omitted).  A district court has "wide discretion in imposing sanctions under Rule 37," and may consider a wide variety of factors in deciding

[1]     Throughout this litigation, Ex-Im Bank used various means to serve the DRC, including service on CT Corporation, the DRC's designated agent for service of process under the underlying loan agreement; on the DRC Ministry of Finance, via certified mail and FedEx; on the DRC's Ambassador and Permanent Representative to the United Nations and Ambassador to the United States; and on officials who have served as points of contact at different stages, by email.  *See* Freeman Decl. ¶ 10.  Ms. Sarr-Kindongo, a lawyer at the firm Hannoun & Beniking representing the DRC, has served as the point of contact in the most recent round of negotiations between the parties, *see id.* ¶¶ 42-52, and was served via email with the Court's order of July 7, 2020, setting the briefing schedule for the currently pending motion, *see* ECF Nos. 58, 59.

[2]     Although the DRC, as a foreign state, enjoys sovereign immunity, the Court plainly has jurisdiction to entertain Ex-Im Bank's motion.  The DRC waived its immunity in the 1991 loan agreement, *see Exp.-Imp. Bank*, 2018 WL 10601809, at *1 n.1, and that waiver extends to "proceedings to aid collection of a money judgment rendered in the case, including discovery pertaining to the judgment debtor's assets," *First City, Tex. Hous., N.A. v. Rafidain Bank*, 281 F.3d 48, 53-54 (2d Cir. 2002); *see also, e.g.*, *FG Hemisphere Assocs., LLC v. Dem. Rep. Congo*, 637 F.3d 373, 379 (D.C. Cir. 2011) ("[C]ontempt sanctions against a foreign sovereign are available under the [Foreign Sovereign Immunity Act].");  *Exp.-Imp. Bank of Republic of China v. Grenada*, No. 06-CV-2469 (HB), 2010 WL 5463876, at *2-4 (S.D.N.Y. Dec. 29, 2010) (holding that the defendant's "status as a sovereign does not by itself preclude contempt sanctions" and imposing sanctions for failure to comply with a discovery order).

whether and how to do so — the Rule's bottom-line requirement, as its plain language indicates, is "only that the district court's orders be just." *Id.* at 144 (internal quotation marks omitted).

Applying these standards, the Court concludes that monetary contempt sanctions are appropriate.  To date, the DRC has not paid any amount in satisfaction of the Judgment entered against it on January 23, 2017.  Nor has it responded to Ex-Im Bank's post-judgment discovery requests.  The DRC's continuing failure to respond to these requests is a straightforward violation of the August 2018 Order's clear and unambiguous directive that "Defendant must respond to Plaintiff's discovery requests within 30 days of the date of this Order."  *Exp.-Imp. Bank*, 2018 WL 10601809, at *3.  Furthermore, the DRC's intermittent efforts to negotiate a resolution with Ex-Im Bank, *see* Freeman Decl. ¶¶ 10, 13, 17-20, 22-25, 33-36, 38-51, as well as its active participation in long-running litigation in this District in which it is a defendant, *see, e.g.*, *Themis Capital v. Dem. Rep. Congo*, No. 09-CV-1652 (PAE), 2016 WL 817440, at *1 (S.D.N.Y. Feb. 22, 2016), demonstrate both that the DRC is well aware of its obligations in this case and has an ability to properly defend its interests in this Court.

That leaves only the question of an appropriate monetary sanction.  "Based on the dollar amount of the judgment and the DRC's pattern of appearing in U.S. courts only when it suits the DRC's interests," Ex-Im Bank proposes a sanction of "$1,000 per day, doubling every four weeks to a maximum of $80,000 per week."  ECF No. 62 ("Pl.'s Mem."), at 14.  Based on the DRC's pattern of contumacious conduct — its failure to pay the Judgment for almost four years and its failures, for over two years, to comply with its discovery obligations despite its intermittent engagement with Ex-Im Bank to negotiate a settlement — the Court finds that such an amount is appropriate sanction.  *See, e.g.*, Order, *Exp.-Imp. Bank of Republic of China v. Cent. Afr. Rep.*, No. 15-CV-9630 (KPF), ECF No. 54 (S.D.N.Y. Feb. 13, 2019) (imposing

contempt sanctions of $2,000 per day, doubling each day up to a maximum of $80,000 per week); *Grenada*, 2010 WL 5463876, at *4-5 (imposing contempt sanctions of $1,000 per day based on the failure to comply with a discovery order).

Accordingly, Ex-Im Bank's unopposed motion is GRANTED.  For each day that the DRC fails to comply with its discovery obligations in violation of the August 2018 Order, it is ORDERED to pay to the Clerk of Court as sanctions $1,000 per day, with the amount doubling every four weeks to a maximum of $80,000 per week.  As a matter of courtesy, these sanctions shall not begin accruing **until three weeks from the date of this Memorandum Opinion and Order**, before which time the DRC may cure its ongoing deficiencies without incurring any monetary sanctions.  **No later than sixty days from the date of this Order, and every two months thereafter**, Ex-Im Bank shall file a status letter stating what sanctions have accrued; providing information on any contact or communications with the DRC regarding this dispute; and stating whether Ex-Im Bank believes the sanctions ordered herein should be revisited or modified.

Ex-Im Bank shall promptly serve the DRC with a copy of this Memorandum Opinion and Order using each of the methods detailed in Ex-Im Bank's memorandum of law, Pl.'s Mem. 2 & n.1, and, no later than **November 2, 2020**, shall file proof of such service on the docket.

The Clerk of Court is directed to terminate ECF No. 60.

SO ORDERED.

Dated: October 29, 2020
    New York, New York

_____
JESSE M. FURMAN
United States District Judge

5