UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EXPORT-IMPORT BANK OF THE REPUBLIC OF CHINA,<br><br>           Plaintiff,<br><br>    v.<br><br>DEMOCRATIC REPUBLIC OF THE CONGO,<br><br>           Defendant. | Civil Action No. 16-cv-4480 (JMF) |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF IVANHOE MINES US LLC TO QUASH THE THIRD PARTY SUBPOENA ISSUED BY EXPORT-IMPORT BANK OF THE REP. OF CHINA**

WHITE & CASE LLP
Joshua Berman
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
*Attorneys for Ivanhoe Mines US LLC.*

# **TABLE OF CONTENTS**

BANKGROUND AND PRELIMINARY STATEMENT............................................................1

ARGUMENT......................................................................................................................2

CONCLUSION..................................................................................................................6

## TABLE OF AUTHORITIES
Page(s)

**CASES**

*In re Fosamax Prods. Liab. Litig.*,
   No. 1789, 2009 U.S. Dist. LEXIS 70246 (S.D.N.Y. Aug. 4, 2009) .........................................5

*In re Glitnir banki hf*,
   No. 08-14757 (SMB), 2011 Bankr. LEXIS 3296 (Bankr. S.D.N.Y. Aug. 19, 2011) ...............5

*Joffe v. King & Spalding LLP*,
   No. 17-CV-3392 (VEC), 2020 U.S. Dist. LEXIS 111188 (S.D.N.Y. June 24, 2020) ..............4

**STATUTES AND RULES**

Fed. R. Civ. P. 45(d) ................................................................................................... passim

Non-party Ivanhoe Mines US LLC ("Ivanhoe") respectfully submits this Memorandum of Law in Support of its Motion, Pursuant to Fed. R. Civ. P. 45(d)(3)(A) and (B) to Quash the Third Party Subpoena (the "Subpoena"), dated November 10, 2021, issued by the Plaintiff in this action, Export-Import Bank of the Republic of China ("Ex-Im Bank").

## BANKGROUND AND PRELIMINARY STATEMENT

The Subpoena was issued to Ivanhoe in connection with Ex-Im Bank's ill-conceived, and extremely belated, strategy of trying to recover, from Ivanhoe, a debt owed to Ex-Im Bank by the Democratic Republic of the Congo ("DRC"). Ex-Im Bank filed this lawsuit in June 2016 – approximately five and a half years ago. Apparently, DRC did not appear to defend the action, and in January 2017 – approximately five years ago – this Court issued a Default Judgment in Ex-Im Bank's favor against DRC. According to a Status Letter sent to this Court on October 29, 2021 – which was provided to undersigned counsel by counsel for Ex-Im Bank – more than $3 million of Court-imposed sanctions have now accrued against DRC.

The October 29, 2021 Status Letter also revealed that Ex-Im Bank is in regular, direct and ongoing contact with representatives of the DRC itself. Among other things, Ex-Im Bank has had in-person meetings, in both Paris and New York, as recently as late September of 2021 with DRC's newly-appointed Minister of Justice herself (*i.e.*, rather than a lower-level functionary in DRC's Justice Department), the Hon. Rose Mutombo. In addition, Ex-Im's counsel is in regular contact with DRC's Paris-based counsel, Benita Kindongo, Esq.[1]

---

[1] The diplomatic-level conversations between Ex-Im Bank, which Ivanhoe understands to be an instrumentality of the Chinese government, and DRC – and the corresponding geopolitical implications of this lawsuit – are a further reason that the Subpoena should be quashed by this Court. Although geopolitical considerations are not enumerated in the Fed. R. Civ. P. as a basis for quashing subpoenas, any impairment of Ivanhoe's mining interests in DRC that might ensue from Ivanhoe's forced participation in this action logically falls within the "undue hardship" category of R. 45(d)(3)(A)(iv).

As required, this Motion was preceded by a meet-and-confer among counsel. Counsel for Ex-Im Bank candidly acknowledged that Ex-Im Bank's objectives in serving a subpoena on Ivanhoe – which has nothing whatever to do with the dispute in this case – were to ascertain, by combing through Ivanhoe's highly confidential and proprietary business records, whether: (i) Ivanhoe has, or has had, contracts with DRC-affiliated entities that have bank accounts in the United States, so that Ex-Im Bank can levy against those accounts; and/or (ii) more troublingly, whether Ivanhoe might, in connection with some unidentified business venture(s) posited by Ex-Im Bank's counsel, owe money (in the form of mining royalties or otherwise) to DRC, so that Ex-Im Bank could try to collect those monies directly from Ivanhoe.

On its face, the subpoena seeks information available directly from DRC, which is in the best position to disclose whether it has affiliates, bank accounts or assets located here in the United States. As set forth below, the subpoena is also incurably overbroad, both in terms of the information it seeks, and the time period for which the information is sought. In addition, the Subpoena seeks categories of information that are among the most confidential, proprietary and sensitive to Ivanhoe. Consequently, as set forth below, the Subpoena violates Fed. R. Civ. P. 45(d)(1), which imposes strict restrictions on issuers of third party subpoenas, and it should be quashed under Fed. R. Civ. P. 45(d)(3)(A) and (d)(3)(B).

## **ARGUMENT**

Ex-Im Bank's stated objectives are reflected in the over-breadth of the Subpoena on its face. Among other things, the Subpoena requests:

- Copies of *all* contracts or agreements between the DRC or *any* Instrumentality of the DRC and Ivanhoe – whether (somehow) related or entirely unrelated to

> the dispute between the parties to this suit – that were in effect at *any* time between January 1, 2015 and [the date of the subpoena]; and
>
> - Information reflecting a*ll* past, currently owed and potential or future payments – whether (somehow) related or entirely unrelated to the dispute between the parties to this suit – that may have been paid, or may be or come due from Ivanhoe to DRC, including the names, addresses and bank account numbers to which Ivanhoe has, or intends, to send any such (posited) payments.

On its face, these requests extend far beyond what Ivanhoe understands to be the claims and defenses in this action. Moreover, the time period for the requests – from January 1, 2015 until the present – is profoundly overbroad in duration. As noted above, this action was initiated in June 2016, and the Default Judgment against DRC was entered in January 2017 – five years ago. Ex-Im Bank offers no explanation or justification for demanding information from Ivanhoe – let alone confidential, proprietary and sensitive business information – for a five year time period *after* the entry of Judgment. Nor has Ex-Im Bank purported to explain, if it believed the present third party subpoena campaign was an appropriate use of the Subpoena power under the Fed. R. Civ. P., (i) why it waited so long before issuing the Subpoena to Ivanhoe; or (ii) why it is not asking DRC's Minister of Justice or counsel for United States bank information, rather than trying to comb through the confidential information of a private sector company to sleuth out those facts.

> FRCP 45(d)(1) provides:
>
> > A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

To be clear, Ivanhoe is not seeking the imposition of sanctions or fees against Ex-Im Bank, or its counsel, and Ivanhoe does not bear any ill-will towards either of those parties. However, Ivanhoe submits that Ex-Im Bank has not come close to making the required showing that it has taken all reasonable steps to avoid imposing undue burden and expense on Ivanhoe, let alone putting Ivanhoe in a compromised business position by being thrust into an acrimonious lawsuit between two foreign sovereigns. In fact, Ex-Im Bank makes no secret of its intention to try to collect from Ivanhoe monies that might be owed to DRC by Ivanhoe in the future. If permitted, the consequences of such an effort could be deeply injurious to Ivanhoe as a private sector company.

In relevant part, FRCP 45(d)(3)(A) provides, "On timely motion, the court for the district where compliance is required must quash or modify a subpoena that … (iv) *subjects a person to undue burden*." (emphasis supplied). The burden on Ivanhoe – which has substantial mining operations in geographies around the world and contracts that contain confidentiality and similar provisions with foreign sovereigns,– of being forced to provide documents in response to Ex-Im Bank's Subpoena would be "undue," to say the least. *See, e.g.*, *Joffe v. King & Spalding LLP*, No. 17-CV-3392 (VEC), 2020 U.S. Dist. LEXIS 111188, at *19-20 (S.D.N.Y. June 24, 2020) (declining reconsideration of motion to quash subpoena where depositions would impose an undue burden on third parties).

The subpoena should also be quashed because, on its face, it seeks contracts that would reveal Ivanhoe's most confidential and proprietary business information. For example, Ivanhoe's contracts would reflect its pricing terms and economic strategies, and – in fact – its business strategy more broadly. The same is equally true of Ivanhoe's listing of monies paid to a foreign sovereign in exchange for mining rights and/or as royalties, to say nothing of amounts

4

that might come due in the future because, for instance, Ivanhoe may have confidential and proprietary plans to expand (or for that matter, contract) its operations. In relevant part, Fed. R. Civ. P. 45(d)(3)(B) provides, "To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires: (i) disclosing a trade secret or other confidential research, development, or commercial information …." The sensitive business data sought by the Subpoena is precisely the kind of information R. 45(d)(3)(B) is meant to protect. *In re Fosamax Prods. Liab. Litig.*, No. 1789, 2009 U.S. Dist. LEXIS 70246, at *29 (S.D.N.Y. Aug. 4, 2009) (granting motion to quash subpoena seeking "confidential information" concerning "internal committee matters" from third party researcher who had been "assured that their research and reviews [we]re confidential"); *In re Glitnir banki hf*, No. 08-14757 (SMB), 2011 Bankr. LEXIS 3296, at *15 (Bankr. S.D.N.Y. Aug. 19, 2011) (granting motion to quash third-party subpoena seeking confidential communications and documents concerning the third parties' personal financial transactions and accounts).

      Simply put, the Subpoena is an overreach. And it is especially intrusive in that it seeks to thrust Ivanhoe into the midst of a lawsuit between foreign sovereigns in a manner that could not only damage Ivanhoe's relations with DRC, but with other foreign sovereigns where Ivanhoe has operations, and who – if this Subpoena were to be enforced – would be concerned about the privacy of their contracts with Ivanhoe, and the enforceability of confidentiality and related provisions contained in those sensitive agreements.

## **CONCLUSION**

For the foregoing reasons, Ivanhoe respectfully requests that that the Subpoena be quashed in its entirety.

DATED: December 29, 2021                                                  WHITE & CASE

By: _____
Joshua Berman
White & Case LLP
1221 Avenue of the Americas
New York, New York 10020
(212)-819-8547
joshua.berman@whitecase.com

*Attorneys for Ivanhoe Mines US LLC*