UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
                                                                                                      :

THE EXPORT-IMPORT BANK OF THE REPUBLIC OF CHINA,     :   16 Civ. 4480 (JMF)

        Plaintiff and Judgment Creditor,    :

                                                       :   **DECLARATION OF ANNA LEA**
   -against-                                     :   **SETZ IN SUPPORT OF THE**
                                                     :   **JUDGMENT CREDITOR'S**
DEMOCRATIC REPUBLIC OF THE CONGO,       :   **OPPOSITION TO IVANHOE US'**
f/k/a REPUBLIC OF ZAIRE,                       :   <u>**MOTION TO QUASH**</u>

        Defendant and Judgment Debtor.    :

------------------------------------------------------------------- x

I, Anna Lea Setz, pursuant to 28 U.S.C. § 1746, declare as follows:

     1.     I am an attorney at the law firm of Sullivan & Worcester LLP ("Sullivan"), counsel to Judgment Creditor The Export-Import Bank of the Republic of China ("Ex-Im Bank").

     2.     I submit this Declaration in support of Ex-Im Bank's opposition to the motion to quash the third-party subpoena by Ivanhoe Mines US LLC ("Ivanhoe US").

     3.     On January 23, 2017, this Court entered a default judgment (ECF No. 20, the "Judgment") against the Democratic Republic of the Congo (the "DRC") and in favor of Ex-Im Bank in the amount of $57,325,223.40 based on the DRC's default under a loan agreement.

     4.     To my knowledge or belief, the DRC has never appeared in this action, pre or post judgment. It has failed to pay any portion of Ex-Im Bank's Judgment, it has failed to respond to Ex-Im Bank's post-judgment discovery requests, and it has ignored the Court's Discovery Order.

5. On October 29, 2020, the Court granted Ex-Im Bank's motion for sanctions (ECF No. 64).

6. In the fall of 2021, after further failed efforts to find an amicable solution with the DRC, Ex-Im Bank commenced a new round of discovery intended to uncover DRC assets in the United States that are used for commercial purposes.

7. On or about November 19, 2021, Ex-Im Bank issued a third-party subpoena (the "Subpoena") to Ivanhoe US. A copy of the Subpoena is attached as Exhibit A.

8. According to its website, Ivanhoe is involved in the DRC's Kamoa-Kakula copper discoveries which are "positioned to become one of the world's largest copper producers." *See* excerpts of Ivanhoe's website attached as Exhibit B.

9. To my knowledge or belief, in a case involving a different sovereign judgment debtor, Niger, the Ex-Im Bank was successful with its strategy to subpoena a business partner of the judgment debtor and to intercept a payment scheduled by that business partner to Niger.

10. On December 2, 2021, Ivanhoe US' counsel, Joshua Berman, contacted me to ask about the purpose of the Subpoena and to ask for an extension of Ivanhoe US' time to comply with the Subpoena through December 24, 2021. I agreed and explained the purpose of the Subpoena.

11. On December 23, 2021, I consented to further extend Ivanhoe US' time to comply with the Subpoena through December 29, 2021.

12. On December 29, 2021, Ivanhoe US filed a motion to quash the Subpoena (ECF No. 74) (the "Motion").

13. On January 5, 2022, the Court held a telephonic conference to set a briefing schedule for the Motion.

14. At the conference, Ivanhoe US' counsel, Joshua Berman, stated for the first time that Ivanhoe US does not have documents responsive to the Subpoena. In light of this new information, the Court set a generous briefing schedule and ordered the parties to meet and confer about how to limit the Motion and whether further motion practice could be avoided altogether.

15. After the conference, I sent an email to Mr. Berman to schedule the meet and confer. Mr. Berman did not reply. Attached as <u>Exhibit C</u> is the email chain between Mr. Berman and me from January 5 through January 14, 2022.

16. On January 7, 2022, Sullivan & Worcester LLP sent a letter to Mr. Berman in which it stated that in light of Mr. Berman's representations at the conference—that Ivanhoe US does not have custody or control over any documents responsive to the Subpoena—the motion is moot. The letter is attached as <u>Exhibit D</u>.

17. Later on January 7, 2022, I had a telephone call with Mr. Berman. At the call, Mr. Berman again represented that Ivanhoe US does not have any documents responsive to the Subpoena but that he would have to double-check with his client before he could make that statement in a formal reply to the Subpoena. Mr. Berman further represented that Ivanhoe US has two subsidiaries—an entity organized under the laws of Bermuda and an entity organized under the laws of South Africa—that may have responsive documents but that Ivanhoe US does not have possession, custody or control over documents of these subsidiaries. Further, Mr. Berman represented that any money transfers from these subsidiaries to the DRC would never touch the United States but would be made directly from the subsidiaries to the DRC. Again, Mr. Berman stated that he would have to double-check with his clients before being able to conclusively state to these facts. He promised to revert in a timely fashion.

18. On January 11, 2022, I sent an email following up with Mr. Berman and asking whether he was able to verify his statements of January 7. Mr. Berman replied that he would get back to me as soon as possible. *See* Exhibit B.

19. On January 13, 2022, I again asked for an update from Mr. Berman. Mr. Berman did not reply. *See* Exhibit B.

20. On January 14, 2022, in light of the approaching deadline for the opposition to the Motion, I again followed up with Mr. Berman. Mr. Berman replied that he would get back as soon as possible. *See* Exhibit B.

21. On January 19, 2022, since Mr. Berman still had not provided any update, I called asking for an update and stating Sullivan's position that Ivanhoe US should simply withdraw the motion in light of the statements made at the January 5 conference and the January 7 phone call that Ivanhoe US does not have documents responsive to the Subpoena. Mr. Berman stated that "everything I said before turned out to be right." He then stated that he had to double-check with his client one more time and that he would get back to me later that day. He did not.

22. Today at 12.11 p.m., Mr. Berman emailed me to say: "I have confirmed with my client. We are going to be able to resolve this by making the representation we discussed. Unfortunately, I am in a deposition today that is taking place on West Coast time. Can we paper this up early next week?" *See* the attached Exhibit E. Since today is Ex-Im Bank's deadline to file the opposition and the papers were drafted already, I have not yet replied.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
       January 21, 2022

/s/ Anna Lea Setz
Anna Lea Setz