UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
                                                                                                   :

THE EXPORT-IMPORT BANK OF THE REPUBLIC     :
OF CHINA,     :
    :
                      Plaintiff and Judgment Creditor,     :
    :    16 Civ. 4480 (JMF)
   -against-     :
    :
DEMOCRATIC REPUBLIC OF THE CONGO,     :
f/k/a/ REPUBLIC OF ZAIRE,     :
    :
                      Defendant and Judgment Debtor.     :
    :
------------------------------------------------------------------- x


**MEMORANDUM OF LAW IN OPPOSITION OF**
**IVANHOE MINES US LLC'S MOTION TO QUASH THE THIRD-PARTY SUBPOENA**
**ISSUED BY EXPORT-IMPORT BANK OF THE REPUBLIC OF CHINA**


                                                   SULLIVAN & WORCESTER LLP
                                                   1633 Broadway
                                                   New York, NY 10019
                                                   Tel: (212) 660-3000
                                                   Fax: (212) 660-3001

                                                   *Attorneys for Plaintiff and Judgment Creditor*
                                                   *The Export-Import Bank of the Republic of China*

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ..............................................................................................1

RELEVANT FACTS .................................................................................................................2

ARGUMENT ..............................................................................................................................6

    I.    THE MOTION IS MOOT AND IVANHOE US SHOULD BE REQUIRED TO RESPOND TO THE SUBPOENA ..................................................................................6

    II.    ALTERNATIVELY, THE MOTION SHOULD BE DENIED BECAUSE IT DOES NOT ESTABLISH GROUNDS TO QUASH THE SUBPOENA .....................................7

        A. Legal Standard ........................................................................................................7

        B. Ivanhoe US Has Not Established An Undue Burden .............................................8

CONCLUSION ........................................................................................................................10

# TABLE OF AUTHORITIES

**Cases**                                                                                                                          Page(s)

*Amphenol Corp. v. Fractus, S.A.*,
    No. 19 MISC. 160 (PAE), 2019 WL 2521300 (S.D.N.Y. June 19, 2019) ............................ 8, 9

*Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Americas*,
    262 F.R.D. 293 (S.D.N.Y. 2009) ................................................................................................ 9, 10

*City of Almaty, Kazakhstan v. Sater*,
    No. 19-CV-2645 (AJN)(KHP), 2020 WL 2765084 (S.D.N.Y. May 28, 2020) ........................ 6

*Concord Boat Corp. v. Brunswick Corp.*,
    169 F.R.D. 44 (S.D.N.Y. 1996) ................................................................................................ 7, 8, 10

*Fan v. United States*,
    No. 15-CV-4169 (DLI), 2019 WL 2503995 (E.D.N.Y. June 17, 2019) .................................. 6

*In re Ex Parte Application of Kleimar N.V.*,
    220 F. Supp. 3d 517 (S.D.N.Y. 2016) ...................................................................................... 7

*Kirschner v. Klemons*,
    No. 99 CIV. 4828 (RCC), 2005 WL 1214330 (S.D.N.Y. May 19, 2005) ............................. 7, 8

*United States v. Int'l Bus. Machines Corp.*,
    477 F. Supp. 698 (S.D.N.Y. 1979) ........................................................................................... 7

**Statutes and Other Authorities**

Fed. R. Civ. P. 45(a)(1) ............................................................................................................. 7

Fed. R. Civ. P. 45(d) ................................................................................................................. 7

9 Moore's Federal Practice - Civil § 45.50 (2021) ................................................................... 7

9 Moore's Federal Practice - Civil § 45.51 (2021) ................................................................... 9

Judgment Creditor The Export-Import Bank of the Republic of China ("Ex-Im Bank") submits this Memorandum of Law in opposition of third-party Ivanhoe Mines US LLC ("Ivanhoe US")'s motion to quash the subpoena issued by Ex-Im Bank (the "Motion").

## PRELIMINARY STATEMENT

This Action concerns Ex-Im Bank's enforcement of a 2017 default judgment (the "Judgment") against the Judgment Debtor the Democratic Republic of the Congo (the "DRC"). As the Court is aware, Ex-Im Bank has diligently and persistently worked over the past five years to either find an amicable resolution with the DRC or enforce the Judgment through asset collection procedures pursuant to the Foreign Sovereign Immunities Act. Since the DRC has refused all cooperation to enforce the Judgment, on October 29, 2020, the Court granted Ex-Im Bank's motion for sanctions (ECF No. 64). Still, the DRC continues to refuse any participation in enforcement actions.

After a further failed attempt at settlement, in the fall of 2021, Ex-Im Bank initiated a new round of discovery intended to uncover DRC assets in the United States that are used for commercial purposes. In connection with this effort, on or about November 19, 2021, the Ex-Im Bank issued a third-party subpoena (the "Subpoena") to Ivanhoe US because it is widely known that the Ivanhoe group has extensive business dealings in and with the DRC.

On December 29, 2021, after two extensions of Ivanhoe US's time to comply with the Subpoena, Ivanhoe US made the instant Motion to quash. The Motion is replete with factual mistakes and irrelevant and easily refuted arguments. For example, Ivanhoe US condemns Ex-Im Bank for its alleged "extremely belated" strategy to recover the debt owed to it. This ignores both obvious facts, establishing Ex-Im Bank's diligence in trying to recover on the Judgment, and the law, affording Ex-Im Bank twenty years to enforce the Judgment. Further, Ivanhoe US

argues that compliance with the Subpoena would impose an "undue burden"—an argument belied by Ivanhoe US's current position that there are no responsive documents.[1]

At the conference to set a briefing schedule for the Motion, Ivanhoe US argued that it does not have any documents responsive to the Subpoena. Notably, Ivanhoe US has not made such argument in the Motion or on telephone calls with Ex-Im Bank's counsel before filing the Motion. If true, the fact that Ivanhoe US has no responsive documents renders the Motion moot. To address this issue and avoid further motion practice, the Court ordered the parties to meet and confer before Ex-Im Bank's deadline to file an opposition to the Motion. As described below and in the Declaration of Anna Lea Setz, dated January 21, 2022 (the "Setz Decl."), Ivanhoe US's counsel has displayed a disappointing delay tactic, promising to confirm that there are indeed no responsive documents but failing to do so, despite repeated follow-ups by Ex-Im Bank's counsel. Ivanhoe US's bad faith behavior should not be further rewarded and, in light of its statements at the conference, that there are likely no responsive documents, the Motion should be denied as moot and Ivanhoe US should be ordered to respond to the Subpoena—either by formally stating that it does not have responsive documents in its possession, custody or control, or by producing responsive documents.

**RELEVANT FACTS**

On January 23, 2017, this Court entered the Judgment (ECF No. 20) against the DRC and in favor of Ex-Im Bank in the amount of $57,325,223.40 based on the DRC's default under a loan agreement. *See* Setz Decl. ¶3.

---

[1] Another example is Ivanhoe US's confusion of the Republic of China, otherwise known as Taiwan, with the People's Republic of China.

The DRC has never appeared in this action, pre or post judgment. It has failed to pay any portion of Ex-Im Bank's Judgment, it has failed to respond to Ex-Im Bank's post-judgment discovery requests, and it has ignored the Court's Discovery Order. *See* Setz Decl. ¶4.

On October 29, 2020, the Court granted Ex-Im Bank's motion for sanctions (ECF No. 64). *See* Setz Decl. ¶5. Nevertheless, the DRC continues to refuse any participation in enforcement actions.

In the fall of 2021, after further failed efforts to find an amicable solution with the DRC, Ex-Im Bank commenced a new round of discovery intended to uncover DRC assets in the United States that are used for commercial purposes. *See* Setz Decl. ¶6.

On or about November 19, 2021, Ex-Im Bank issued the Subpoena to Ivanhoe US. *See* Setz Decl. ¶7 and Exhibit A.

The reason why Ivanhoe US was subpoenaed is the fact that the Ivanhoe group has extensive business dealings in and with the DRC. According to its own website, Ivanhoe is heavily involved in the DRC's Kamoa-Kakula copper discoveries which are "positioned to become one of the world's largest copper producers." *See* Setz Decl. ¶8 and Exhibit B.

In a case involving a different sovereign judgment debtor, Niger, the Ex-Im Bank was successful with its strategy to subpoena a business partner of the judgment debtor and to intercept a payment scheduled by that business partner to Niger. *See* Setz Decl. ¶9.

The Subpoena seeks documents and information from Ivanhoe US about its business dealings with the DRC, namely contracts and agreements as well as information about payments currently due or that will come due by Ivanhoe US to the DRC or any instrumentality of the DRC. *See* Setz Decl. Exhibit A at page 5.

3

On December 2, 2021, Ivanhoe US's counsel, Joshua Berman, contacted Ms. Setz to ask about the purpose of the Subpoena and to ask for an extension of Ivanhoe US's time to comply with the Subpoena through December 24, 2021. Ms. Setz agreed and explained the purpose of the Subpoena. Setz Decl. ¶10. On December 23, 2021, upon Ivanhoe US's request, its time to comply was further extended through December 29, 2021. *Id*. ¶11.

On December 29, 2021, Ivanhoe US filed the instant Motion. *Id*. ¶12.

On January 5, 2022, the Court held a telephonic conference to set a briefing schedule for the Motion. *Id*. ¶13. At the conference, Mr. Berman stated for the first time that Ivanhoe US does not have documents responsive to the Subpoena. In light of this new information, the Court set a generous briefing schedule and ordered the parties to meet and confer about how to limit the Motion and whether further motion practice could be avoided altogether. *Id*.

After the conference, Ms. Setz sent an email to Mr. Berman to schedule the meet and confer. Mr. Berman did not reply. *Id*. ¶15 and Exhibit C (email chain between Ms. Setz and Mr. Berman from January 5 through January 14, 2022).

On January 7, 2022, Sullivan & Worcester LLP ("Sullivan") sent a letter to Mr. Berman in which it stated that in light of Mr. Berman's representations at the conference—that Ivanhoe US does not have custody or control over any documents responsive to the Subpoena—the Motion is moot. *Id*. ¶16 and Exhibit D.

Later on January 7, 2022, Ms. Setz had a telephone call with Mr. Berman. At the call, Mr. Berman again represented that Ivanhoe US does not have any documents responsive to the Subpoena but that he would have to double-check with his client before he could make that statement in a formal reply to the Subpoena. Mr. Berman further represented that Ivanhoe US has two subsidiaries—an entity organized under the laws of Bermuda and an entity organized

4

under the laws of South Africa—that may have responsive documents but that Ivanhoe US does not have possession, custody or control over documents of these subsidiaries. Further, Mr. Berman represented that any money transfers from these subsidiaries to the DRC would never touch the United States but would be made directly from the subsidiaries to the DRC. Again, Mr. Berman stated that he would have to double-check with his clients before being able to conclusively state to these facts. He promised to revert in a timely fashion. *Id*. ¶17.

On January 11, 2022, Ms. Setz sent an email following up with Mr. Berman and asking whether he was able to verify his statements of January 7. Mr. Berman replied that he would get back to Ms. Setz as soon as possible. *Id*. ¶18 and Exhibit B.

On January 13, 2022, Ms. Setz again asked for an update from Mr. Berman. Mr. Berman did not reply. *Id*. ¶19. On January 14, 2022, in light of the approaching deadline for the opposition to the Motion, Ms. Setz again followed up with Mr. Berman. Mr. Berman replied that he would get back as soon as possible. *Id*. ¶20 and Exhibit B.

On January 19, 2022, since Mr. Berman still had not provided any update, Ms. Setz called asking for an update. She also repeated Sullivan's position that Ivanhoe US should simply withdraw the Motion as moot in order to avoid further motion practice. Mr. Berman stated that "everything I said before turned out to be right." He then said he had to double-check with his client one more time and that he would get back to Ms. Setz later that day. He did not. *Id*. ¶21.

Today, January 21, 2022, at 12.11 p.m., Mr. Berman emailed to say: "I have confirmed with my client. We are going to be able to resolve this by making the representation we discussed. Unfortunately, I am in a deposition today that is taking place on West Coast time. Can we paper this up early next week?" Since today is Ex-Im Bank's deadline to file the opposition and the papers were drafted already, counsel for Ex-Im Bank did not yet reply. *Id*. ¶22. If the

controversy can still be resolved through a stipulation, Ex-Im Bank will, of course, inform the Court when it occurs.

## ARGUMENT

**I.    THE MOTION IS MOOT AND IVANHOE US SHOULD BE REQUIRED TO RESPOND TO THE SUBPOENA**

By stating that Ivanhoe US (likely) does not have any documents responsive to the Subpoena, Ivanhoe US contradicts and belies its prior argument that the Subpoena poses an "undue burden and expense" on Ivanhoe US. Further, Ivanhoe US's counsel has repeatedly promised that he would make the necessary inquiries in order to conclusively state that there are no responsive documents. Hence, contrary to what was argued in the Motion, such investigation also does not pose an undue burden or expense on Ivanhoe US.

In two similar cases, the District Courts denied motions to quash as moot where the movant made representations as to the existence of responsive documents after filing of a motion to quash. *See City of Almaty, Kazakhstan v. Sater*, No. 19-CV-2645 (AJN)(KHP), 2020 WL 2765084, at *3 (S.D.N.Y. May 28, 2020) ("Because Ms. Artal-Burger has responded to the document subpoena, and Plaintiffs do not challenge the adequacy of her response, that motion [to quash] is now moot."); *Fan v. United States*, No. 15-CV-4169 (DLI), 2019 WL 2503995, at *2 (E.D.N.Y. June 17, 2019) ("Since Fan narrowed her request . . . and the Government represents that it does not have any responsive documents . . ., the Motion to Quash is denied as moot.").

Likewise, here, the Motion should be denied as moot because Ivanhoe US has subsequently stated that it likely does not have responsive documents and that it would make the necessary inquiries to double-check and find out.

In sum, Ivanhoe US has informally represented that a) it has likely no responsive documents, b) it has subsidiaries that do have responsive documents, and c) Ivanhoe US does not

have possession, custody or control over the documents of its subsidiaries.[2] Despite repeated promises to get back to Ex-Im Bank, Ivanhoe US to date has refused to formally state to these facts and respond to the Subpoena. In light of these informal statements and Ivanhoe's bad faith delay tactic, the Motion should be denied as moot and Ivanhoe US should be ordered to formally respond to the Subpoena.

### III. ALTERNATIVELY, THE MOTION SHOULD BE DENIED BECAUSE IT DOES NOT ESTABLISH GROUNDS TO QUASH THE SUBPOENA

#### A. Legal Standard

Federal Rule of Civil Procedure 45(a)(1) allows a party to serve a subpoena on a non-party for the production of documents. *See* Fed. R. Civ. P. 45(a)(1). Under Rule 45(d), the subpoena recipient may move to quash or modify the subpoena if it "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(i)—(iv).

Ivanhoe US as the movant seeking to quash the Subpoena bears the burden to obtain the desired remedy. *See In re Ex Parte Application of Kleimar N.V.*, 220 F. Supp. 3d 517, 522 (S.D.N.Y. 2016) (". . . the movant [] carries the burden of proving that the . . . subpoena imposes an undue burden on it as a non-party") (internal quotations omitted); *see also* 9 Moore's Federal Practice - Civil § 45.50 (2021) (citing *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 48 (S.D.N.Y. 1996) (burden of persuasion on motion to quash subpoena is borne by movant)); *Kirschner v. Klemons*, No. 99 CIV. 4828 (RCC), 2005 WL 1214330, at *2 (S.D.N.Y. May 19, 2005) ("Because the burden is on the party seeking to quash a subpoena, that party cannot

---

[2] These informal oral statements are not sufficient to formally respond to the Subpoena. *See* Fed. R. Civ. P. 45(d)(2)(B); *see also United States v. Int'l Bus. Machines Corp.*, 477 F. Supp. 698, 699 (S.D.N.Y. 1979) (denying a motion to quash a subpoena against an entity that "submitted no affidavit setting forth facts and circumstances which establish that the documents requested are not in [its] control").

7

merely assert that compliance with the subpoena would be burdensome without setting forth the manner and extent of the burden and the probable negative consequences of insisting on compliance."). The determination of whether a subpoena imposes an "undue burden" "is committed to the sound discretion of the trial court." *Kirschner,* 2005 WL 1214330, at *2 (*citing Concord Boat Corp.*, 169 F.R.D. at 49). "Whether a subpoena imposes an undue burden depends upon such factors as relevance, the need of the party for the documents, the breadth of the document, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Amphenol Corp. v. Fractus, S.A.*, No. 19 MISC. 160 (PAE), 2019 WL 2521300, at *6 (S.D.N.Y. June 19, 2019) (internal quotation omitted).

**B.      Ivanhoe US Has Not Established An Undue Burden**

The Subpoena is relevant, indeed essential, for Ex-Im Bank's enforcement of the Judgment. Since the Judgment was rendered, Ex-Im Bank has made diligent efforts to enforce it, including post-judgment discovery requests to the DRC, to which the DRC never responded. In addition, Ex-Im Bank has successfully moved for the imposition of sanctions and has tried to find an amicable resolution with the DRC. Since all of these efforts were fruitless, Ex-Im Bank now has a substantial need for information from third parties with business dealings in the DRC, like the Ivanhoe group. In line with this need, the Subpoena seeks information about contracts between Ivanhoe US and the DRC, payments currently due, or payments that may come due. *See* Setz Decl. Exhibit A.

The strategy of obtaining such information from third parties has proven successful for Ex-Im Bank in past judgment enforcements. *See* Setz Decl. ¶9. Consequently, the Subpoena is relevant, tailored to Ex-Im Bank's need for information, and the information sought cannot be obtained from the DRC itself—thus, Ex-Im Bank has a substantial need for it.

On the other hand, Ivanhoe US has not established an undue burden imposed by the Subpoena. The Motion is thinly argued and not accompanied by any exhibits or affirmations. "A party objecting to a subpoena on the ground of undue burden generally must present an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request." 9 Moore's Federal Practice - Civil § 45.51 (2021); *Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Americas*, 262 F.R.D. 293, 300 (S.D.N.Y. 2009) (denying motion to quash based on absence of affidavit or other evidentiary proof of time or expense involved in responding to subpoena); *Amphenol Corp.*, 2019 WL 2521300, at *10 (denying motion to quash partially because the movant "has not come forward with solid evidence that responding to the . . . Subpoena will subject it to unreasonable costs."). Likewise, "a claim of privilege . . . as a basis to quash or modify a subpoena must be adequately demonstrated, requiring the presentation of evidence sufficient to make a prima facie case that the privilege or protection applies to the materials or testimony sought by the subpoena." 9 Moore's Federal Practice - Civil § 45.51 (2021).

Since Ivanhoe US does not provide any evidentiary proof, it cannot make a prima facie case that the information sought poses an undue burden or expense or that the information sought is privileged. Further, the barebones argument that Ivanhoe US should not be made to respond to the Subpoena because it poses an undue burden is now moot because Ivanhoe US has indicated that it has or currently is investigating whether there are responsive documents and that there are likely no responsive documents – confidential or otherwise. Even if it were not moot, a balancing test of Ex-Im Bank's need for information against Ivanhoe US's unsubstantiated claim of an undue burden clearly must weigh in favor of Ex-Im Bank. *See Aristocrat Leisure*, 262

9

F.R.D. at 299 ("The Court engages in a balancing test to determine whether undue burden exists.") (citing Concord, 169 F.R.D. at 49).

## CONCLUSION

For the foregoing reasons, Ex-Im Bank respectfully requests that the Court deny Ivanhoe US's Motion, order Ivanhoe US to formally respond to the Subpoena, and grant Ex-Im Bank such other relief as the Court deems just and proper.

Dated:  New York, New York
        January 21, 2022

SULLIVAN & WORCESTER LLP

By: */s/ Anna Lea Setz*
    Paul E. Summit
    Anna Lea Setz
1633 Broadway
New York, NY 10019
Tel: (212) 660-3000
Fax: (212) 660-3001
psummit@sullivanlaw.com
asetz@sullivanlaw.com

*Attorneys for Plaintiff and Judgment Creditor*
*The Export- Import Bank of the Republic of China*