

Sullivan & Worcester LLP
1633 Broadway
New York, NY 10019

212 660 3000
sullivanlaw.com

April 29, 2022

**VIA ECF**

The Hon. Jesse M. Furman
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re: *The Export-Import Bank of the Republic of China v. Republic of the Congo*,
Case No. 16-cv-4480 (JMF)

Dear Judge Furman:

We represent the Export Import Bank of the Republic of China ("Ex-Im Bank" or simply "the Bank"), judgment creditor in this matter.

On October 29, 2020, this Court issued its opinion and order granting Ex-Im Bank's motion for sanctions (ECF No. 64; the "Sanctions Order"). In the Sanctions Order, the Court directed Ex-Im Bank to file a status letter with this Court every two months describing what sanctions had accrued, providing information on any contact or communications with the Democratic Republic of the Congo ("the DRC") regarding the dispute, and stating whether Ex-Im Bank believed that the sanctions ordered should be revisited or modified.

This letter is the status letter required for April 29, 2022. The next status letter will be submitted on Thursday, June 30, 2022.

Sanctions

As of February 28, 2022, sanctions stood at $4,465,512. As of today, sanctions amount to $5,162,620, calculated as follows:

```
   $     28,000.00  ($1,000/day from 11/19/2020¹ to 12/16/2020; 4 weeks)
 + $     56,000.00  ($2,000/day from 12/17/2020 to 1/13/2021; 4 weeks)
 + $    112,000.00  ($4,000/day from 1/14/2021 to 2/10/2022; 4 weeks)
 + $    224,000.00  ($8,000/day from 2/11/2021 to 3/10/2021; 4 weeks)
 + $  4,742,620.00  ($11,428 /day from 3/11/2021 to 4/29/2022; 415 days)
   $  5,162,620.00  total sanctions as of 4/29/2022
```

In our status letter of February 28, 2022 (the "February 2022 Letter"), we argued why sanctions against the DRC should remain in effect and, indeed, should be increased. Today, as forecast in our February 2022 Letter, we are filing a motion to increase sanctions from $11,428 to $17,000 per day and to enter judgment on the sanctions accrued to date (the "Motion"). As argued in the

---

[1] Three weeks after the Court's October 29, 2020 Sanctions Order, as provided by the Sanctions Order.

The Hon. Jesse M. Furman
April 29, 2022
Page 2

Motion and in our February 2022 Letter, courts have wide discretion to impose sanctions and regularly increase daily sanctions in light of further non-compliance. Here, an increase of the *per diem* sanctions is appropriate considering the DRC's continued non-compliance with the Court's Judgment and orders and its continued promises to participate in settlement discussions, only to then back out at the last minute.

On April 21, 2022, we sent a draft of the Motion to DRC's counsel, Ms. Benita Kindongo, reminded her of today's deadline to file a further status letter, and offered to discuss the Motion or any other relevant issue.[2] Ms. Kindongo confirmed receipt of our correspondence and the draft Motion and promised to get back to us by phone or email. As of the date of this letter, however, she has not gotten back to us.

Recent Developments

In addition to the communication with Ms. Kindongo about the Motion, there have been the following developments since our last report of February 28, 2022:

In our last report, we told the Court of our February 25, 2022 conversation between Ms. Kindongo and me in which Ms. Kindongo advised that the DRC was likely to make a settlement offer to the Bank within two weeks (i.e. by March 11, 2022). On March 11, 2022, I spoke with Ms. Kindongo by telephone; and, per the DRC's disappointing pattern, no settlement offer was made or promised.

Later that day, I sent a letter to Ms. Kindongo summarizing our telephone conversation and expressing my disappointment. I also notified Ms. Kindongo that March 18, 2022, when we had scheduled a follow-up call, would be the Bank's final deadline to see whether discussions are going to bear fruit before applying to the Court to increase sanctions.

On March 18, 2022, Ms. Kindongo again informed me that the DRC did not have a concrete offer for an amicable solution but reiterated a sincere interest in settling. We discussed a scheduled visit by highly placed officials of the DRC Ministries of Finance and Justice to Paris in May 2022 during which a meeting to discuss settlement could be arranged.

On March 28, 2022, I had yet another call with Ms. Kindongo to discuss the potential meeting in Paris but no concrete plans were made. Ms. Kindongo promised to get back to me when the schedule of the officials' visit was clearer but, to date, has not gotten back to me.

In addition to our attempts in finding an amicable solution with the DRC, our efforts to discover collectible assets continue. In particular, the Bank is diligently trying to discover assets by means of third-party subpoenas. One of the subpoenaed third parties, Ivanhoe Mines US LLC, has moved to quash the Bank's subpoena (ECF Nos. 74, 81, and 82). That motion is *sub judice*.

We shall report once again on June 30, 2022, or sooner, if there are developments of any significance.

---

[2] The draft left blank the amount of the sanctions increase that Plaintiff would seek.

The Hon. Jesse M. Furman
April 29, 2022
Page 3

As always, of course, we stand ready to provide any further information that the Court may desire.

                                                                Respectfully submitted,

                                                                Paul E. Summit
                                                                Direct line: 617-338-2488
                                                                psummit@sullivanlaw.com

cc:    Benita Kindongo, Esq.
        Joshua Berman, Esq.