UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
THE EXPORT-IMPORT BANK OF THE REPUBLIC :
OF CHINA, :
:
: 16-CV-4480 (JMF)
Plaintiff, :
:
-v- : MEMORANDUM OPINION
: AND ORDER
DEMOCRATIC REPUBLIC OF THE CONGO, :
:
Defendant. :
:
------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

In this case, familiarity with which is presumed, the Court entered a default judgment in favor of Export-Import Bank of the Republic of China ("Ex-Im Bank") against the Democratic Republic of Congo ("DRC") in January 2017. *See* ECF No. 20. Since then, Ex-Im Bank has unsuccessfully sought to enforce the judgment. In aid of enforcement, it issued a subpoena to third-party Ivanhoe Mines US LLC ("Ivanhoe"), seeking information regarding DRC's assets in the United States used for business purposes. *See* ECF No. 81 ("Pl.'s Mem."), at 1. Ivanhoe now moves, pursuant to Rule 45 of the Federal Rules of Civil Procedure, to quash the subpoena, arguing that (1) Ex-Im Bank should pursue the information directly from DRC; (2) the subpoena is overbroad; and (3) the subpoena seeks confidential and proprietary information and imposes an undue burden on Ivanhoe. *See* ECF No. 75 ("Ivanhoe's Mem."), at 2.

Upon review of the parties' motion papers, the Court denies Ivanhoe's motion.[1] "[B]road post-judgment discovery in aid of execution is the norm in federal and New York state courts."

---

[1] For starters, the motion may well be moot. In January, after a conference in which Ivanhoe's counsel represented that he did not believe that Ivanhoe had any documents responsive to the subpoena, the Court ordered the parties to meet and confer to determine whether the

*EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012), *aff'd sub nom. Republic of Argentina v. NML Cap., Ltd.*, 573 U.S. 134, 134 (2014). "It is not uncommon to seek asset discovery from third parties, including banks, that possess information pertaining to the judgment debtor's assets." *Id.* Ivanhoe offers no authority in support of its first argument, that Ex-Im Bank should be required to seek the information directly from DRC. In any event, Ex-Im Bank *has* done so — but the DRC, consistent with its continuing default, has been unresponsive. *See* ECF No. 26 (granting motion to compel discovery related to DRC's assets); ECF No. 64 (granting motion for sanctions based on the DRC's failure to respond to post-judgment discovery requests in violation of the Court's order). It is entirely reasonable for Ex-Im Bank to pursue other methods of seeking information to aid in enforcement.

      Meanwhile, Ivanhoe's attacks on the scope of the subpoena are without merit. Ivanhoe first contends that the subpoena is overbroad because it extends beyond "the claims and defenses in this action." Ivanhoe Mem. 3. But that is unsurprising, as the subpoena is in aid of enforcement of a judgment, not the underlying claims. *See First City, Texas Houston, N.A. v. Rafidain Bank*, 281 F.3d 48, 54 (2d Cir. 2002) ("A judgment creditor is entitled to discover the identity and location of any of the judgment debtor's assets, wherever located."). Ivanhoe next asserts that the subpoena, particularly its request for information regarding contracts between DRC and Ivanhoe, seeks proprietary and confidential information and places an undue burden on it. Ivanhoe Mem. 4-5. But it provides no support for that assertion, such as an affidavit or other evidence, and identifies no specific harm that would result from disclosure. *See Moll v.*

---

motion could be mooted on these grounds. *See* ECF No. 79. According to Ex-Im Bank, Ivanhoe's counsel stated in an email that the motion could be mooted but failed to formalize that representation prior to the deadline for Ex-Im Bank's brief in opposition to the motion. *See* Pl.'s Mem. 4-5; ECF No. 80-5, at 2. Ivanhoe has not filed a reply memorandum or otherwise responded to Ex-Im Bank's argument that the motion is moot. *See* ECF No. 82.

*Telesector Res. Grp., Inc.*, No. 04-CV-0805 (SR), 2016 WL 6093995, at *2 (W.D.N.Y. Oct. 19, 2016) ("[T]he burden of persuasion on a motion to quash a subpoena is borne by the movant."); *Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Americas*, 262 F.R.D. 293, 300 (S.D.N.Y. 2009) ("'A party objecting to a subpoena on the ground of undue burden generally must present an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request.'" (quoting 9 James Wm. Moore et al., Moore's Federal Practice – Civil ¶ 45.51[4] (3d ed. 2009)).  Accordingly, the Court is unable to conclude at this juncture that any harm to Ivanhoe would outweigh Ex-Im Bank's need for the information, particularly as many of the concerns Ivanhoe identifies could almost certainly be ameliorated through a protective order.  That said, Ivanhoe may renew its motion with respect to particular documents if it can make a specific showing, supported by an affidavit or other evidence, that the documents contain confidential information that cannot be adequately protected through a protective order.

For the foregoing reasons, Ivanhoe's motion is DENIED.  The Clerk of Court is directed to terminate ECF No. 74.

SO ORDERED.

Dated: May 9, 2022
       New York, New York

                                                JESSE M. FURMAN
                                                United States District Judge